IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, | : | CIVIL ACTION NO. **1:CV-08-1046** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN LACKAWANNA COUNTY PRISON, et al., | : | |
| | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On May 29, 2008, while incarcerated at the Lackawanna County Prison ("LCP"), Scranton, Pennsylvania, the Petitioner Edward C. Coss filed another Petition for Writ of Habeas Corpus with this Court, pursuant to 28 U.S.C. § 2254, again challenging his September 11, 1990, aggravated and simple assault convictions in the Lackawanna County Court of Common Pleas ("LCCCP"). **(Doc. 1).**[1] Petitioner paid the required filing fee.

Petitioner states that he "was illegally and against his civil/constitutional rights convicted in the Lacka. Co. Court, Common Pleas of aggravated assault and simple assault on Sept. 11, 1990." (Doc. 1, p. 1, ¶ 1.).[2] In his Civil No. 04-1847, M.D. Pa., Habeas Petition, Petitioner Coss also

---

[1] Since Petitioner Coss is presently confined at LCP he properly names the Warden at LCP as a Respondent. *See* 28 U.S.C. §§ 2242 & 2243. Petitioner also names the Lackawanna District Attorney and the Pennsylvania Attorney General as Respondents.

[2] Petitioner Coss has filed seven prior habeas corpus petitions with this Court. *See* Civil No. 94-1481, M.D. Pa.; Civil No. 97-0274, M.D. Pa.; Civil No. 01-0878, M.D. Pa.; Civil No. 04-1250, M.D. Pa.; Civil No. 04-1847, M.D. Pa.; Civil No. 05-0246, M.D. Pa.; and Civil No.

challenged his 1990 convictions for aggravated assault and simple assault in LCCCP.  Petitioner now contends that "he is presently being charged in state court.  Conviction that Petitioner has always claimed unconstitutional [*i.e.* his 1990 LCCCP conviction for aggravated assault] is 'presently' being used by state court to prove Petitioner is a convicted felon in possession of a firearm."  (*Id*., p. 4, ¶ (B)).  Petitioner states that he has a PCRA Petition which he filed in LCCCP in 1998 in which he raised numerous claims with respect to his stated 1990 assault convictions, including ineffective assistance of trial and appellate counsel and prosecutorial misconduct,[3] but he states that his PCRA Petition has not yet been ruled on by the state court because his complete state court record is missing and no certified record exists with respect to his 1990 convictions.  (Doc. 1, pp. 1-5).  Petitioner concedes that his maximum prison term has expired with respect to his 1990 sentence for his LCCCP convictions for aggravated and simple assault.  (*Id*., p. 5).  Thus, Petitioner admits that he is no longer in custody with respect to his 1990 LCCCP sentence for his aggravated and simple assault convictions.  However, Petitioner claims that there are collateral consequences and adverse affects from his 1990 LCCCP conviction for aggravated assault since this conviction is presently being used by the state to charge him as a convicted felon in possession of a firearm.

Petitioner claims that, due to no fault of his own, he is not able to challenge the validity of his 1990 convictions *via* his pending "1998" PCRA Petition since the complete certified record

---

05-0247, M.D. Pa.

[3] Petitioner claimed in part that the DA intentionally withheld the victim's hospital emergency report at his 1990 trial, which would have showed that the victim's injury was sufficient to sustain a conviction of only simple assault and not aggravated assault.  (Doc. 1, p. 3).

2

regarding these convictions is missing, and the state court has delayed ruling on his Petition for eleven years.[4] Petitioner also claims that the state court knew that review of his PCRA Petition was impossible without the certified record from his 1990 convictions and that the court (LCCCP) intentionally did not act on his PCRA Petition and deceived him into believing that his Petition was being addressed by the court until he fully served his sentence for the 1990 convictions, thus barring review by the United States District in a § 2254 habeas petition. (*Id*., pp. 4-5).[5]

Thus, in his instant § 2254 Habeas Corpus Petition, Petitioner Coss again challenges his 1990 state aggravated assault conviction for which he is no longer in custody and claims it has collateral consequences, since it was used as the basis for his present charge of felon in possession of a firearm and his present LCP confinement.

As relief, Petitioner requests this Court to find that his 1990 aggravated assault conviction is unconstitutional since this conviction is still being used by the state as the basis for his present felon in possession charge. (Doc. 1, p. 6).

We now give preliminary consideration to Petitioner Coss' latest Habeas Petition, in which he again challenges his 1990 LCCCP conviction, pursuant to Rule 4, Rules Governing Section 2254

---

[4] While Petitioner now states that his PCRA Petition was filed in "1998" (Doc. 1, p. 2, ¶6.), in Petitioner 's #04-1847 case, the Court found that on June 13, 1997, Petitioner filed a *pro se* state Post Conviction Relief Act ("PCRA") petition, 42 Pa. C.S.A. § 9541, *et seq.*, which he claimed was pending with the LCCCP.

[5] In his #04-1847 Habeas Petition, Petitioner stated that due to the inordinate delay with the state court in ruling on his 1997 PCRA Petition, he was excused from exhaustion based on the futility exception. (Doc. 1, attached pp. 13-14, #04-1847).

Cases in the United States District Courts.[6]

We will recommended that this case be preliminary dismissed for lack of jurisdiction without directing service of the Habeas Petition on Respondents since Petitioner is no longer in custody on his 1990 convictions for purposes of § 2254.

## II.  State Procedural History.

We repeat  Petitioner's relevant  state procedural history as detailed in our February 14, 2005 Report and Recommendation ("R&R") issued in his case #04-1847.

In October 1985, Petitioner was adjudicated guilty in a juvenile proceeding in which he admitted guilt to theft and receiving stolen property.  Petitioner claimed that he did not admit to burglary, but he was also adjudicated guilty on this charge in his juvenile proceeding.  No appeal of the juvenile charges was filed.  On or about September 11, 1990, following a jury trial, Petitioner was convicted as an adult in LCCCP of aggravated assault  and simple assault.  Petitioner directly appealed his judgment of sentence to the Pennsylvania Superior Court, and on December 13, 1995, his conviction was affirmed, but his sentence was vacated.  (Doc. 1, p. 3,  case #04-1847). Petitioner was re-sentenced on the adult assault convictions on March 26, 1996.  At the re-sentencing, his attorney challenged the use of the juvenile burglary adjudication to enhance his adult sentence for his 1990 convictions, since it was claimed that Petitioner never admitted to such a charge and this charge was not ever mentioned during the juvenile proceedings.  (Doc. 1, p. 6,

---

[6]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

case #04-1847).[7]

Petitioner stated that his maximum sentence on his adult charges (1990 convictions) expired on March 14, 2005. (*Id*. at p. 7 & p. 4, case #04-1847). In Petitioner's prior habeas case, #04-1847, the District Court stated, "[Petitioner] Coss' 2254 petition attacks both his 1990 conviction and his 1985 guilty plea." (Doc. 8, p. 4, #04-1847).

On February 14, 2005, we issued a Report and Recommendation in case #04-1847, in which we recommended, in part, as follows:

> [T]hat, to the extent that Petitioner is seeking to attack his 1985 juvenile guilty plea and conviction, this claim in his 04-1847 Habeas Petition should be dismissed, since he is no longer in custody on this conviction. Further, it is recommended that Petitioner's 05-0246 Habeas Petition attacking his 1985 juvenile guilty plea and conviction be dismissed. To the extent that Petitioner is claiming in his 04-1847 Habeas Petition that his 1985 juvenile conviction was used to enhance his sentence for his 1990 conviction, a sentence he is currently serving, and that he

---

[7]The Pennsylvania Superior Court, in its June 9, 1997, reported decision, discussed the state procedural background of Petitioner's case. *See Com. v. Coss*, 695 A.2d 831 (Pa. Super. 1997).

The Superior Court indicated that Petitioner was re-sentenced by LCCCP to the same sentence as his original sentence for his 1990 convictions. Petitioner then appealed his re-sentencing to the Superior Court. On June 9, 1997, the Superior Court affirmed Petitioner's sentence he received in his re-sentencing. In his second appeal to the Superior Court, the Petitioner raised, as one of his issues, the trial court's calculation of his prior offense score based in part on the juvenile felony burglary conviction. The Superior Court decided this issue on the merits and held that, since the Petitioner was adjudicated delinquent in 1985 after he pled guilty to several charges, including burglary, it was proper for the trial court to conclude that Petitioner was adjudicated delinquent of the felony burglary charge. The Superior Court also held that the record was clear that Petitioner knowingly admitted to the commission of a felony. Thus, the Superior Court found that the trial court did not err in its sentencing with respect to the 1990 convictions by raising Petitioner's prior record score based on his juvenile felony adjudication. 695 A.2d at 836.

The Superior Court noted, as Petitioner claimed, that the official record in his juvenile case was lost. *Id*. at n. 4.

>   was wrongfully convicted of the 1990 assault, these claims should proceed
>   and the case should be remanded to the undersigned for a determination
>   on these issues after briefing by the parties.

(Doc. 48).

On April 12, 2005, the District Court issued a Memorandum and Order in case #04-1847 adopting our Report and Recommendation and remanding Petitioner's 04-1847 habeas petition to us for a determination of his claims. (Doc. 55,#04-1847). In particular, the District Court held as follows:

>   In his seventh and eighth objections, Petitioner contends
>   that the magistrate erred in finding that he could not challenge
>   his 1985 conviction in its entirety. The magistrate found that
>   Coss had completed his sentence for his 1985 and 1986 convictions
>   and we agree with this determination. Since Petitioner is no
>   longer serving his 1985 sentence, he cannot be considered "in custody"
>   on that conviction for purpose of a § 2254 petition. *Maleng v. Cook*,
>   490 U.S. 488, 492; 109 S.Ct. 1923, 1926; 104 L.Ed. 2d 540, 545
>   (1989). As such, Coss can attack his 1985 conviction only to the
>   extent that it was used to enhance his sentence for his 1990
>   conviction. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394,
>   404; 121 S.Ct. 1567, 1574; 149 L.Ed. 2d 608, 618 (2001). In
>   that regard, there are two claims that petitioner can raise: (1) a Sixth
>   Amendment violation of his right to counsel; and (2) actual
>   innocence. 532 U.S. at 404-5; 121 S.Ct. at 1574-5; 149 L.Ed. 2d at
>   618-9. Therefore, the magistrate was correct in determining that
>   Petitioner cannot attack the entirety [FN3] of his 1985 conviction.
>
>   FN3 - In this instance, the word entirety is used to indicate that
>   the Petitioner cannot raise a separate challenge to his 1985
>   conviction. He can only attack the 1985 conviction as it relates
>   to the enhancement of his 1990 sentence. Further, it is also

> used to indicate that the claims Petitioner can raise with regard to the 1985 conviction are limited in scope.

(Doc. 55, p. 4, case #04-1847).

Upon remand of the #04-1847 habeas petition to the undersigned, we directed the parties to file supplemental briefs on the Petitioner's remaining habeas claims, *i.e.* that his 1985 juvenile conviction was improperly used to enhance his sentence for his 1990 assault convictions and that he was wrongfully convicted of the 1990 assaults.  Further, Petitioner claimed in case #04-1847 that he was innocent of the 1990 assault convictions, and that his trial and appellate counsel with respect to these convictions were ineffective.  (Doc. 56, case #04-1847).  We also directed the parties to address the issue of whether Petitioner was still "in custody" on his 1990 convictions for purposes of a §2254 habeas petition and whether Petitioner could attack his 1990 convictions in their entirety.

On July 25, 2005, we issued another R&R in case #04-1847, and recommended that the remaining claims in Petitioner's Habeas Petition be dismissed.  Specifically, it was recommended that, to the extent that Petitioner was seeking to attack his 1990 assault convictions, this claim in his 04-1847 Habeas Petition should be dismissed, since he was no longer in custody on these convictions.  Further, it was recommended that to the extent that Petitioner was claiming in his 04-1847 Habeas Petition that his 1985 juvenile conviction was used to enhance his sentence for his 1990 convictions, a sentence he has now fully served and which has expired, this claim should also be dismissed, since Petitioner was no longer in custody on these convictions.

On August 29, 2005, the District court issued an Order in case #04-1847 and adopted our July 25, 2005 R&R.  (Doc. 62, #04-1847).

## III. Discussion.

*A. In Custody*

In his instant Habeas Petition, Petitioner Coss does not claim that his 1990 assault convictions are being used to enhance a new sentence for a new state conviction. Rather, Petitioner is challenging his 1990 aggravated assault conviction and claiming that it is being used as the basis to support his current charge for which he is in prison, namely, a felon in possession of a firearm. Thus, Petitioner seems to contend that if his 1990 felony conviction for aggravated assault was found to be unconstitutional, then he could not be charged with being a felon in possession of a firearm. Petitioner is not presently in custody with respect to a final state court conviction, and he attempts to collaterally challenge his underlying 1990 state aggravated assault conviction in his instant Habeas Petition in order to attack his recent felon in possession charge.

We are cognizant that based on *Maleng v. Cook*, 490 U.S. 448 (1989) and *Spencer v. Kemna*, 532 U.S. 1 (1998), if there are severe collateral consequences of a state court conviction they can support a finding that a Petitioner is in custody for purposes of § 2254 even if the sentence for the state court conviction has expired and was fully served. *See Morgan v. Martin*, 2006 WL 3544665 (E. D. Pa.). There is no dispute, and we take judicial notice, that Petitioner Coss has fully served his sentence with respect to his 1990 assault convictions and that he is no longer in custody with respect to those convictions. The present issue is whether Petitioner Coss can now challenge his 1990 state aggravated assault conviction, for which he is no longer in custody, based on his claim that it has collateral consequences since it was used to support his present charge and confinement for felon in possession of a firearm. Petitioner cannot collaterally challenge in his

Habeas Petition his recent state charge of being a felon in possession of a firearm since Petitioner states that he has only been charged with this offense and he does not state that he was convicted of it.  (Doc. 1, p. 4).  Petitioner still has all of his state court remedies available, including a pre-trial motion to dismiss his current indictment with respect to the charge that he is a felon in possession of a firearm.  Thus, Petitioner does not yet have a final conviction regarding his felon in possession charge to collaterally challenge in his instant Habeas Petition.

  The Court in *Morgan* stated:

> A federal court's jurisdiction to entertain collateral attacks upon state criminal convictions is not unlimited.  The applicable statute, 28 U.S.C. § 2254, authorizes federal intervention only upon application of a person who is in custody pursuant to a state criminal sentence.  This means that the applicant must either still be in prison, or be subject to the restrictions of parole or probation, at the time the federal petition is filed.  If, after the federal habeas petition is filed, the petitioner is released from custody and is no longer on parole, the federal petition may or may not have become moot, depending upon whether petitioner can show that the collateral consequences of his earlier conviction are such that a live controversy is still at issue.

2996 WL 3544665, # 1.

  The *Morgan* Court further stated:

> Section 2254 imposes a requirement that a petitioner must be "in custody" pursuant to the judgment of a State court for a federal court to hear a habeas petition challenging that conviction. *See* 28 U.S.C. § 2254(a); *Mayeng v. Cook*, 490 U.S. 488, 490-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (requiring that a petitioner must be *in custody* under the conviction he is challenging at the time the petition is *filed* to warrant federal court jurisdiction).  Once a prisoner's sentence is *fully expired*, he is no longer considered "in custody" to challenge a conviction which is no longer open to direct or collateral review in its own right.  *See Edwards v INS*, No. 03-286, 2003 WL 22495772, at * 3 (E.D. Pa. 2003) (finding

9

> petitioner failed to meet the habeas "in custody" requirement where he finished serving his sentence in 1991, but did not file a habeas petition challenging that conviction until 2003) (citing *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001)).

*Id.*, * 3.

One of the issues that we addressed in case #04-147 was whether Petitioner Coss was still "in custody" on his 1990 convictions.[8]  Thus, we had to determine if the Petitioner still met the in custody requirements under § 2254 on his 1990 convictions.  In case #04-1847, Petitioner stated that his maximum sentence on his 1990 convictions expired on March 14, 2005.  (Doc. 1 at p. 7 and p. 4, #04-1847).  As stated above, we found that, to the extent Coss was seeking to attack his 1990 assault convictions, his Habeas Petition should be dismissed since he was no longer in custody on these convictions.

We find that this Court has previously decided that Petitioner Coss, as of March 21, 2005, was no longer in custody or serving any sentence with respect to his 1990 assault convictions. (Doc. 51, May 23, 2005, Order, p. 2, n. 1, *Coss v. Morgan*, 01-878, M.D. Pa.).  We take judicial notice of this and find, based on *res judicata*, that because Petitioner is no longer serving his 1990 sentence, he cannot be considered "in custody" on his assault convictions for purpose of his instant § 2254 Habeas Petition.  Hence, Petitioner can no longer maintain a direct attack against his 1990

---

[8]The District Court previously stated, "[t]o be 'in custody' for purposes of section 2254 a Petitioner must be 'in physical custody under the challenged conviction at the time the petition was filed." (Citation omitted).  (Doc. 8, p. 5, #04-1847).  Petitioner Coss was clearly no longer in custody on his 1990 convictions when he filed the present habeas petition.  We take judicial notice based on case #04-1847 that Petitioner fully served his sentence for his 1990 convictions in March 2005.

convictions. Thus, to the extent that the present Habeas Petition again challenges Petitioner's 1990 convictions, we shall recommend that it be dismissed.

The issue now arises as to whether Petitioner can still attack his 1990 convictions insofar as he claims that the aggravated assault conviction was used as the basis for his recent felon in possession charge. We find that Petitioner's pending felon in possession charge, for which Petitioner has not been finally convicted, does not establish standing for him to challenge his 1990 state court aggravated assault conviction in his instant Habeas Petition. As the *Morgan* Court indicated, "[t]he United States Supreme Court has clearly stated 'that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'" *Id*., at * 3(citing *Maleng*, 490 U.S. at 492). *See also Rodland v. Shannon*, 2007 WL 1217852, *1 (M.D. Pa.)(this Court found that it did not have jurisdiction under §2254(a) to consider a habeas petition in which Petitioner was seeking to challenge an expired sentence for which he was no longer in custody, and which expired prior to his filing of his habeas petition, based on his claim that his illegal 1996 conviction was used to enhance his sentence he was serving when he filed his habeas petition).[9]

---

[9] In *Rodland*, Petitioner claimed that his arson sentence, which he was serving when he filed his habeas petition, was enhanced by an alleged illegal 1996 conviction which had expired. Petitioner Coss, who has not even been convicted of his recent felon in possession charge, claims that the basis for this recent charge was his alleged illegal 1990 aggravated assault conviction which expired over three years ago.

Based on *Rodland*, we will recommend that Petitioner Coss' present §2254 habeas Petition be summarily dismissed for lack of jurisdiction since he is no longer in custody on his challenged 1990 aggravated assault conviction. *See Rodland, supra*.

**IV. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner Coss' Habeas Corpus Petition (Doc. 1) be summarily dismissed for lack of jurisdiction.


                        **s/ Thomas M. Blewitt**
                        **THOMAS M. BLEWITT**
                        **United States Magistrate Judge**

**Dated: June 9, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, | : | CIVIL ACTION NO. **1:CV-08-1046** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN LACKA. CO. PRISON, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 9, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3,  which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              s/ Thomas M. Blewitt
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: June 9, 2008**