```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

EDWARD R. COSS,                    :
    Petitioner
                                   :

    vs.                            :    CIVIL NO. 1:CV-08-1046

                                   :
WARDEN LACKAWANNA COUNTY
PRISON, et al.,                    :
    Respondents

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On June 9, 2008, Magistrate Judge Blewitt filed a Report and Recommendation in this case. He recommended that this proceeding, initiated by Petitioner pursuant to 28 U.S.C. § 2254 and which is intended to void a 1990 conviction in the Lackawanna County Court of Common Pleas, be dismissed for lack of jurisdiction. The report notes, correctly, that the Petitioner is not in custody on this conviction, and concludes that relief under § 2254 is not available. We agree and the report is therefore approved.

    Although no objections were filed, Petitioner, on June 17, 2008, filed two documents, one is titled "Petition for Writ of Habeas Corpus," and a second document purports to be an amended petition. We will treat these as objections to the Magistrate Judge's Report and Recommendation.

    Petitioner contends that certain 1990 convictions (as well as a 1985 juvenile conviction) have had, or will have,

collateral consequences, since these convictions either were used by the state, or may be used, to charge him as a "convicted felon" in possession of a firearm.[1]

Although we understand Petitioner's frustration with his inability to obtain post-conviction relief in state court, the fact remains that he is not presently in custody on the 1990 conviction, and relief under § 2254 is not available. In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Court held:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentence imposed for any subsequent crimes of which he is convicted. We hold that he does not.

Pursuant to the recommendation in the report it is Ordered that Petitioner's case is dismissed for lack of jurisdiction.

The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 3, 2008

---

[1] The status of any state charge is unclear. Assuming a proceeding is pending petitioner would have recourse to available state court remedies.